IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> vs. </br></br> CHRISTOPHER CHARLES DUDLEY, </br> Defendant. | No. 1:17-CR-154 |

**REPORT AND RECOMMENDATION**

Pending, on reference from the District Court, is the Defendant, Christopher Charles Dudley's, *Pro Se Motion for Nunc Pro Tunc Order* (Doc. No. 851). The undersigned has reviewed the motion and recommends denying his request.

**I.**

Dudley asks the court to correct his sentence to reflect that the term of imprisonment imposed in his federal case (No. 1:17-CR-154) should run *concurrently* with his parole revocation in docket numbers 15-22204, 15-22205, 15-22206, 15-21965, 15-21966, and 15-21967, Jefferson County Criminal District Court, Beaumont, Texas. Dudley's motion states that he and his counsel, James Makin, "agreed to enter into an agreement to plea guilty to Conspiracy to Possess with Intent to Distribute Cocaine HCL, Aid & Abet Criminal Forfeiture and that the sentence will run concurrent[ly] with [the parole revocation in his state cases]." (Doc. 851, p. 2.) He asks the court to amend the written judgment, which orders the sentences to run consecutively, to conform with the oral pronouncement made at his sentencing hearing. Dudley's motion fails to attach any evidentiary support for his claim.

Dudley's Plea Agreement (Doc. No. 253), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, reflected the parties' agreement to a 121 month term of imprisonment. The Plea Agreement is silent whether his federal term of imprisonment shall run concurrently or consecutively to his state parole violations. However, there are three separate docket entries that confirm the court's order that Dudley's federal sentence should run consecutively to his state parole revocations.

First, the Minute Entry for Dudley's sentencing hearing on November 1, 2018, states:

Minute Entry for proceedings held before Sentencing held on 11/1/2018 for Christopher Charles Dudley (3), Count(s) 1, 2s, Dismissed on govt's motion; Count(s) 2ss of the 2nd superseding indictment, **121 mos imprisonment CS to #15-22204, 15-22205, 15-22206, 15-21965, 15-21966, 15-21967** Dist Ct of Jefferson Cnty TX, upon rel 5 yrs supervised rel, $100 special assessment. Plea Agreement unsealed pursuant to Local Rule CR-49. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (bjc, ) (Entered: 11/01/2018)

(Doc. No. 414) (emphasis added).

Second, the judgment entered and signed by United States District Judge Marcia Crone on November 5, 2018, states: "The term of imprisonment imposed by this judgment shall run **consecutively** with the defendant's imprisonment as a result of his parole revocation under Docket Numbers 15-22204, 15-22205, 15-22206, 15-21965, 15-21966, and 15-21967, Jefferson County Criminal District Court, Beaumont, Texas." (Doc. No. 418) (emphasis added).

Third, the transcript of the sentencing hearing confirms that Judge Crone pronounced that the sentences were to run consecutively:

THE COURT: Pursuant to the Sentencing Reform Act of 1984, having considered the factors noted in 18 USC, Section 3553(a), and after having consulted the advisory Sentencing Guidelines, it is the judgment of the court that the defendant, Christopher Charles Dudley, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 121 months on Count 2 of the second superseding indictment. The term of imprisonment imposed by this judgment shall run **consecutively** with the defendant's imprisonment as a result of his parole revocation under Docket No. 15-22204, 15-22205, 15-22206, 15-21965, 15-

2

    21966, and 15-21967, Jefferson County Criminal District Court, Beaumont, Texas.

(Doc. No. 852, p. 5) (emphasis added).

## II.

Accordingly, because Dudley's motion is not supported by the evidence of record, the undersigned recommends denying the motion (Doc. No. 851).

## III.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

    A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge